**USM-285 is a 5-part form. Fill out the form and print 5 copies. Sign as needed and route as specified below.**

| U.S. Department of Justice | PROCESS RECEIPT AND RETURN |
| --- | --- |
| United States Marshals Service | See "Instructions for Service of Process by U.S. Marshal" |

| PLAINTIFF | COURT CASE NUMBER |
| --- | --- |
| United States of America | 04-303-ERIE |

| DEFENDANT | TYPE OF PROCESS |
| --- | --- |
| LARRY W. LAFFERTY and BETH A. LAFFERTY | SUMMONS/COMPLAINT |

**SERVE AT**

NAME OF INDIVIDUAL, COMPANY, CORPORATION. ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN

BETH A. LAFFERTY

ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)

3211 Skellie Avenue, Erie, PA 16510

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW

LORI A. GIBSON
BERNSTEIN LAW FIRM P.C.
SUITE 2200 GULF TOWER
PITTSBURGH PA 15219

| | |
| --- | --- |
| Number of process to be served with this Form 285 | |
| Number of parties to be served in this case | |
| Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service):

Fold                                                                                                          Fold

PLEASE SERVE THE ABOVE NAMES INDIVIDUAL ON OR BEFORE JUNE 23 2005.
PLEASE NOTE BELOW IF DEFENDANT APPEARS COMPETENT AND IS IN THE US MILITARY SERVICE.

| Signature of Attorney other Originator requesting service on behalf of: | ☒ PLAINTIFF ☐ DEFENDANT | TELEPHONE NUMBER 412-456-8100 | DATE 5-23-05 |
| --- | --- | --- | --- |

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY-- DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated. (Sign only for USM 285 if more than one USM 285 is submitted) | Total Process | District of Origin | District to Serve | Signature of Authorized USMS Deputy or Clerk | Date |
| --- | --- | --- | --- | --- | --- |
| | 1 | No. 8 | No. 8 | 88 | 5/27/05 |

I hereby certify and return that I ☐ have personally served , ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual , company, corporation, etc., at the address shown above on the on the individual , company, corporation, etc. shown at the address inserted below.

☑ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above (See remarks below)

| Name and title of individual served (if not shown above) | ☐ A person of suitable age and discretion then residing in defendant's usual place of abode |
| --- | --- |

| Address (complete only different than shown above) | Date | Time | |
| --- | --- | --- | --- |
| ✱ Notice Placed in front with all Contact Information. | UNEX | 9:00 | ☒ am ☐ pm |
| | Signature of U.S. Marshal or Deputy | | |

| Service Fee 90⁰⁰ | Total Mileage Charges including endeavors 7⁵⁰ | Forwarding Fee 8⁰⁰ | Total Charges 105⁵⁰ | Advance Deposits | Amount owed to U.S. Marshal* or (Amount of Refund*) 105⁵⁰ |
| --- | --- | --- | --- | --- | --- |

REMARKS: TO ERIE 6-1-05

APPEARS COMPETENT YES_____ NO_____ US MILITARY YES_____ NO_____

ENDEAVOUR- 6/23/05 & 6/29/05

| PRINT 5 COPIES: | 1. CLERK OF THE COURT |
| --- | --- |
| | 2. USMS RECORD |
| | 3. NOTICE OF SERVICE |
| | 4. BILLING STATEMENT*: To be returned to the U.S. Marshal with payment, if any amount is owed. Please remit promptly payable to U.S. Marshal. |
| | 5. ACKNOWLEDGMENT OF RECEIPT |

PRIOR EDITIONS MAY BE USED

Form USM-285
Rev. 12/15/80
Automated 01/00

✎AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____ District of _____

UNITED STATES OF AMERICA

V.

**SUMMONS IN A CIVIL ACTION**

LARRY W. LAFFERTY AND
BETH A. LAFFERTY

CASE NUMBER:   04-303-ERIE

TO: (Name and address of Defendant)

BETH A. LAFFERTY
3211 SKELLIE AVENUE
ERIE, PA  16510

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

LORI A. GIBSON, ESQUIRE
THE BERNSTEIN LAW FIRM
2200 GULF TOWER
PITTSBURGH, PA  15219

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service
of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

CLERK _____          DATE _____

(By) DEPUTY CLERK

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,
      Plaintiff,

        Vs.                   Civil Action No.  04-303-ERIE
LARRY W. LAFFERTY AND
AND BETH A. LAFFERTY
      Defendants.

## COMPLAINT IN MORTGAGE FORECLOSURE

The United States of America, a sovereign corporation by and through its counsel Mary Beth

Buchanan, United States Attorney in and for the Western District of Pennsylvania, and Bernstein Law

Firm, P.C., private counsel to the United States of America, for its Complaint alleges:

1.  That this Court has jurisdiction under the provisions of 28 U.S.C. 1345.

2.  That the Defendant, Larry W. Lafferty has a last known address at 4230 S. Washington Street,

North East, Erie County, Pennsylvania 16428

3.  That the Defendant, Beth A. Lafferty has a last known address at 3211 Skellie Avenue, Erie,

Erie County, Pennsylvania 16510.

4.  That on or about October 11, 1990, United States of America acting through the Farmer's

Home Administration, United States Department of Agriculture, (hereinafter Plaintiff), lent to said

Defendant the sum of $66,500.00, bearing interest rate of 9 % per annum payable in monthly installments

as evidenced by a Promissory Note dated October 11, 1990 executed by Larry W. Lafferty and Beth A. Lafferty.   A true and correct copy of the Note is attached hereto, marked Exhibit "A", and made a part hereof as if set forth in its entirety at this point.

5.  That the Defendants, for the purpose of securing the Plaintiff against loss, did execute and acknowledge to the Plaintiff, on or about October 11, 1990, a Real Estate Mortgage. Said Mortgage further provided in its terms that upon default in the payment of any installment due under the Mortgage, the entire indebtedness shall, at the option of the obligee, its successors and assigns , become immediately due and payable. A true copy of the Real Estate Mortgage is attached hereto, marked Exhibit "B", and made a part hereof as if set forth in its entirety at this point.

6.  That the Real Estate Mortgage was duly recorded on October 12, 1990, with the Office of the Recorder of Deeds, Erie County, Pennsylvania, in Book 140, Page 421.

7.  The real property that is subject to the Mortgage is known as 4230 S. Washington Street, North East, PA 16428.

8.  That during the course of thier loan the Defendants' monthly mortgage payments were subsidized by the Plaintiff.  Pursuant  to 42 U.S.C. §1490(a) and the Real Estate Mortgage, any subsidy received by the Defendants on loans received after October 1, 1979, is subject to recapture upon disposition of the property.  The amount of the subsidy that may be due is set forth in the due and owing paragraph of this Complaint.

9.  That the Plaintiff is the owner and holder of the Promissory Note and Real Estate Mortgage.

10.  Defendants are the current record owners of the mortgaged premises to the best of the Plaintiff's knowledge and belief

11. Defendants are in default on the Note and Mortgage for failure to make payments to Plaintiff when due under the Mortgage.  As a result of this default, Plaintiff accelerated the balance due under the Note and Mortgage for failure to pay Plaintiff the accelerated balance.

12.  Plaintiff sent to each Defendant a Notice of Intention to Foreclose dated July 11, 2003 and June 2, 2004, by certified mail to their last known address and the address of the subject property. Photocopies of the Notices are attached hereto, made a part hereof and marked Exhibit "C", "D" "E" and "F".

13. That there is now fully due and owing the Plaintiff on the Promissory Note and Real Estate Mortgage the following sums:

    (a)  Principal and advances....................................................$61,873.14

    (b)  Interest through June 30, 2004...... ..............................$ 6,467.62

    (c)  Interest from July 1, 2004 through September 30, 2004

    at the daily rate of $15.26………...........................................$ 1,403.55

    (d)  Interest Credit Subject to Recapture ............................. $29,980.92

    TOTAL..................................................................... . $99,725.23

together with interest at 9% per anum to the date of judgment, plus interest from the date of judgment at the legal rate, reasonable attorneys fees and collection costs.

14. No other action has been brought at law or in equity to enforce the provisions of the aforesaid Promissory Note and Real Estate Mortgage, and all conditions precedent to the bringing of the action have been performed or have occurred. The Plaintiff has complied with the requirements of 7 C.F.R. 3550.207.

COUNT ONE
MORTGAGE FORECLOSURE

15. Paragraphs 1-14 are incorporated by reference as if fully set forth herein.

16. Plaintiff's lien is prior and superior to any other liens or claims against the Property.

17. As a result of the default of Defendants, Plaintiff is entitled to foreclosure of Defendant's interest in the property.

WHEREFORE, Plaintiff respectively prays for a judgment in mortgage foreclosure in the amount of the accelerated balances set forth above together with reasonable attorneys fees and costs of this suit, and for a judicial sale of the Property.

COUNT TWO
DEFICIENCY JUDGMENT

18. Paragraphs 1-17 are incorporated by reference as if fully set forth herein.

19. Plaintiff is entitled to an in personam judgment against Defendants for the balance due Plaintiff on the Note as set forth above.

20. Plaintiff is entitled to a deficiency judgment for the remaining balance due Plaintiff on the Note after deduction of monies, if any, recovered from the sale of the Property.

WHEREFORE, Plaintiff respectively prays for an in personam judgment in the amount of the accelerated balances set forth above together with reasonable attorneys fees and costs of suit, and for a deficiency judgment after deduction of monies, if any, received from the sale of the Property.

## SUMMARY OF REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully prays for;

(a) A judgment in mortgage foreclosure in the amount of the accelerated balance set forth above together with reasonable attorneys fees and costs of this suit, and for a judicial sale of the Property;

(b)   An in personam judgment in the amount of the accelerated balances set forth above together with reasonable attorneys fees and costs of suit, and for a deficiency judgment after deduction of monies, if any, received from the sale of the Property; and

(c) For such other and further relief, both legal and equitable, as this Honorable Court deems just and proper. Dated at Pittsburgh, Pennsylvania, this day of _15_ of _Oct_, 2004.

Respectfully submitted,

UNITED STATES OF AMERICA
MARY BETH BUCHANAN
UNITED STATES ATTORNEY
WESTERN DISTRICT OF PENNSYLVANIA

By:_____
Bernstein Law Firm, P.C.
Lori A. Gibson, Esquire
Private Counsel to the
United States of America
PA I.D.#68013
Suite 2200 Gulf Tower
Pittsburgh, PA  15219
**DIRECT DIAL:  (412) 456-8119**
**BERNSTEIN FILE NO.  F0052767**

USDA-FmHA
Form FmHA 1940-16
(Rev. 8/87)

**PROMISSORY NOTE**

| TYPE OF LOAN | | STATE |
|---|---|---|
| 502 Rural Housing | | Pennsylvania |

STATE
Pennsylvania
COUNTY
Erie
CASE NO.
44-25-181542928

Date _____ October 11 _____, 19 90 .

FOR VALUE RECEIVED, the undersigned (whether one or more persons, herein called "Borrower") jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, (herein called the "Government") at its office in _____

_____ RD#3, Route 19, Waterford, PA 16441 _____

THE PRINCIPAL SUM OF ___ Sixty Six Thousand Five Hundred and no/100 --------- ___

DOLLARS ($ ___ 66,500.00 _____ ), plus INTEREST on the UNPAID PRINCIPAL of

___ Nine ___ PERCENT ( ___ 9 ___ %) PER ANNUM.

Payment of the said Principal and Interest shall be as agreed between the Borrower and the Government using one of three alternatives as indicated below: (check one)

☒ I. Principal and Interest payments shall be deferred. The interest accrued to ___ January 11 ___, 19 91 shall be added to the Principal. Such new Principal and later accrued Interest shall be payable in ___ 393 ___ regular amortized installments on the dates indicated in the box below. Borrower authorizes the Government to enter the amount of such new Principal herein $ ___ 66,863.57 ___ and the amount of such regular installments in the box below, when such amounts have been determined.

☐ II. Payment of Interest shall not be deferred. Installments of accrued Interest shall be payable on the _____

of each _____ beginning on _____, 19 ___, through _____, 19 ___,

Principal and later accrued Interest shall be paid in _____ installments as indicated in the box below;

☐ III. Payments shall not be deferred. Principal and Interest shall be paid in _____ installments as indicated in the box below:

$ ___ 531.00 ___ on ___ February 11 ___, 19 91 , and

$ ___ 531.00 ___ thereafter on the ___ 11th ___ of each ___ month ___

until the **PRINCIPAL** and **INTEREST** are fully paid except that the **FINAL INSTALLMENT** of the entire indebtedness

evidenced hereby, if not sooner paid, shall be due and **PAYABLE** ___ thirty three ___ ( 33 ) **YEARS**

from the **DATE** of this **NOTE**. The consideration herefor shall support any agreement modifying the foregoing schedule of payments.

EXHIBIT "A"

Position 5    PAGE ___ 1 ___ OF ___ 3 ___ PAGES    FmHA 1940-16 (Rev. 8/87)

If the total amount of the loan is not advanced at the time of loan closing, the loan shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval of the Government is mandatory provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown on the reverse hereof. Borrower authorizes the Government to enter the amount and date of such advance in the Record of Advances.

Payment of principal and interest shall be applied in accordance with FmHA accounting procedures in effect on the date of receipt of the payment. Borrower agrees to pay late charges in accordance with FmHA regulations in effect when a late charge is assessed.

Prepayments of scheduled installments, or any portion thereof, may be made at any time of the option of Borrower. Refunds and extra payments, as defined in the regulations (7CFR §1951.8) of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, be applied in accordance with FmHA regulations and accounting procedures in effect on the date of receipt of payments.

Borrower agrees that the Government at any time may assign this note. If the Government assigns the note and insures the payment thereof, and in such case, though the note is not held by the Government, Borrower shall continue to pay to the Government, as collection agent for the holder, all installments of principal and interest as scheduled herein.

If this note is held by an insured lender, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on either a calendar quarter basis or an annual installment due date basis. The effective date of any prepayment retained and remitted by the Government to the holder on an annual installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between the effective date of any such prepayment and the date of the Treasury check to the holder.

CREDIT ELSEWHERE CERTIFICATION: Borrower hereby certifies that he/she is unable to obtain sufficient credit elsewhere to finance his/her actual needs at reasonable rates and terms, taking into consideration prevailing private and cooperative rates and terms in or near his/her community for loans for similar purposes and periods of time, and that the loan evidenced hereby shall be used solely for purposes authorized by the Government.

LEASE OR SALE OF PROPERTY: If the property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced hereby is (1) leased or rented with an option to purchase, (2) leased or rented without option to purchase for a term exceeding 3 years, or (3) sold or title is otherwise conveyed, voluntarily or involuntarily, the Government may at its option declare the indebtedness evidenced hereby immediately due and payable.

REFINANCING AGREEMENT: Borrower hereby agrees to provide periodic financial information as requested by the Government. If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. This paragraph and the preceding paragraph shall not apply to any comaker signing this note pursuant to Section 502 of the Housing Act of 1949 to compensate for deficient repayment ability of other undersigned person(s).

CREDIT SALE TO NONPROGRAM BORROWER: The provisions of the paragraphs entitled "Credit Elsewhere Certification," and "Refinancing Agreement" do not apply if (1) this promissory note represents in whole or part payment for property purchased from the Government and (2) the loan represented by this promissory note was made to the borrower as an nonprogram borrower under Title V of the Housing Act of 1949, as amended, and regulations promulgated thereunder.

DEFAULT: Failure to pay when due any debt evidenced hereby or perform any covenant or agreement hereunder shall constitute default under this instrument and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such a debt; and default under any such other instrument shall constitute default hereunder. UPON ANY SUCH DEFAULT, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Title V of the Housing Act of 1949 and for the type of loan as is indicated in the "TYPE OF LOAN" block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions hereof.

Presentment, protest, and notice are hereby waived.

*Larry W. Lafferty*                          (SEAL)

LARRY W. LAFFERTY          *(BORROWER)*

*Beth A Lafferty*                            (SEAL)

BETH A. LAFFERTY            *(SPOUSE)*

| RECORD OF ADVANCES | | | | | |
|---|---|---|---|---|---|
| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
| (1) $ 14,100.00 | 9-27-90 | (8) $ | | (15) $ | |
| (2) $ 5,659.00 | 10-25-90 | (9) $ | | (16) $ | |
| (3) $ 8,803.00 | 11-8-90 | (10) $ | | (17) $ | |
| (4) $ 8,489.00 | 11-16-90 | (11) $ | | (18) $ | |
| (5) $ 29,449.00 | 12-12-90 | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | TOTAL $ 66,500.00 | 12-20-90 | |

☆ **U.S. Government Printing Office: 1987—723-431/61518**

USDA-FmHA
Form FmHA 427-1 PA
(Rev. 6-90)

# REAL ESTATE MORTGAGE FOR PENNSYLVANIA

LARRY W. LAFFERTY and BETH A.

THIS MORTGAGE is made and entered into by _____

LAFFERTY, his wife

residing in _____ Erie _____ County, Pennsylvania, whose post office address is

12166 Kerr Road, North East, _____ , Pennsylvania _____ 16428 ,

herein called "Borrower," and The United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, the Mortgagee, whose principal office is located in Washington, D.C., herein called the "Government," and:

WHEREAS Borrower is indebted to the Government, as evidenced by one or more promissory note(s) or assumption agreement(s) or any shared appreciation or recapture agreement, herein called "note," which has been executed by Borrower, is payable to the order of the Government, authorizes acceleration of the entire indebtedness at the option of the Government upon any default by Borrower, and is described as follows:

| Date of Instrument | Principal Amount | Annual Rate of Interest | Due Date of Final Installment |
|---|---|---|---|
| October 11, 1990 | $66,500.00 | 9% | October 11, 2023 |

(The interest rate for limited resource farm ownership or limited resource operating loan(s) secured by this instrument may be increased as provided in the Farmers Home Administration regulations and the note.)

And the note evidences a loan to Borrower, and the Government, at any time, may assign the note and insure the payment thereof pursuant to the Consolidated Farm and Rural Development Act, or Title V of the Housing Act of 1949, or any other statutes administered by the Farmers Home Administration.

And it is the purpose and intent of this instrument that, among other things, at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the note, this instrument shall secure payment of the note; but when the note is held by an insured holder, this instrument shall not secure payment of the note or attach to the debt evidenced thereby, but as to the note and such debt shall constitute an indemnity mortgage to secure the Government against loss under its insurance contract by reason of any default by Borrower;

And this instrument also secures the recapture of any interest credit or subsidy which may be granted to the Borrower by the Government pursuant to 42 U.S.C. §1490a, or any amounts due under any Shared Appreciation Agreement/Recapture Agreement entered into pursuant to 7 U.S.C. 2001.

NOW, THEREFORE, in consideration of the loan(s) and (a) at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the payment of the note, to secure prompt payment of the note and any renewals and extensions thereof and any agreements contained therein, including any provision for the payment of an insurance or other charge, (b) at all times when the note is held by an insured holder, to secure performance of Borrower's agreement herein to indemnify and save harmless the Government against loss under its insurance contract by reason of any default by Borrower, and (c) in any event and at all times to secure the prompt payment of all advances and expenditures made by the Government, with interest, as hereinafter described, and the performance of every covenant and agreement of Borrower contained herein or in any supplementary agreement, Borrower does hereby grant, convey, mortgage, assign, and forever warrant unto the Government the following property situated in the State of Pennsylvania, County(ies) of _____ Erie _____

ALL that certain piece or parcel of land situate in the Township of North East, County of Erie and Commonwealth of Pennsylvania, and being Lot No. Four (4) as set forth in the plan of Country Creek Subdivision Phase I as recorded in Erie County Map Book 35, at Page 124, to which plan reference is hereby made for a further description thereof; being commonly known and municipally numbered as

(Continued over...)

FmHA 427-1 PA (Rev. 6-90)

EXHIBIT "B"

PAGE __1__ OF __4__ PAGES

4230 South Washington Street, North East, Pennsylvania, and bearing Erie
County Tax Index No. (37) 23-91-14.04.

BEING the same premises conveyed to Mortgagors hereto by deed dated October 11,
1990 and intended to be recorded in the Office of the Recorder of Deeds of Erie
County, Pennsylvania contemporaneously herewith.

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, hereditaments and appurtenances thereunto belonging, the rents, issues, and profits thereof and revenues and income there-from, all improvements and personal property now or later attached thereto or reasonably necessary to the use thereof, including, but not limited to, ranges, refrigerators, clothes washers, clothes dryers, or carpeting purchased or financed in whole or in part with loan funds, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, conveyance, or condemnation of any part thereof or interest there-in-all of which are herein called "the property";

TO HAVE AND TO HOLD the property unto the Government and its assigns forever in fee simple.

This is a purchase money mortgage under the lien priority laws of the Commonwealth of Pennsylvania, as amended.

BORROWER for Borrower's self, Borrower's heirs, executors, administrators, successors and assigns WARRANTS THE TITLE to the property to the Government against all lawful claims and demands whatsoever except any liens, encumbrances, easements, reservations, or conveyances specified hereinabove, and COVENANTS AND AGREES as follows:

(1)   To pay promptly when due any indebtedness to the Government hereby secured and to indemnify and save harm-less the Government against any loss under its insurance of payment of the note by reason of any default by Borrower. At all times when the note is held by an insured holder, Borrower shall continue to make payments on the note to the Government, as collection agent for the holder.

(2)   To pay to the Government such fees and other charges as may now or hereafter be required by regulations of the Farmers Home Administration.

(3)   If required by the Government, to make additional monthly payments of 1/12 of the estimated annual taxes, assessments, insurance premiums and other charges upon the mortgaged premises.

(4)   Whether or not the note is insured by the Government, the Government may at any time pay any other amounts including advances for payment of prior and/or junior liens, required herein to be paid by Borrower and not paid by Bor-rower when due, as well as any costs and expenses for the preservation, protection, or enforcement of this lien, as advances for Borrower's account. All such advances shall bear interest at the rate borne by the note which has the highest interest rate.

(5)   All advances by the Government including advances for payment of prior and/or junior liens, in addition to any advances required by the terms of the note, as described by this instrument, with interest shall be immediately due and pay-able by Borrower to the Government without demand at the place designated in the latest note and shall be secured hereby. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any indebtedness to the Government secured hereby, in any order the Govern-ment determines.

(6)   To use the loan evidenced by the note solely for purposes authorized by the Government.

(7)   To pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property, including all charges and assessments in connection with water, water rights, and water stock pertaining to or reasonably necessary to the use of the real property described above, and promptly deliver to the Government without demand receipts evidencing such payments.

(8)   To keep the property insured as required by and under insurance policies approved by the Government and, at its request, to deliver such policies to the Government.

(9)   To maintain improvements in good repair and make repairs required by the Government; operate the property in a good and husbandmanlike manner; comply with such farm conservation practices and farm and home management plans as the Government from time to time may prescribe; and not to abandon the property, or cause or permit waste, lessening or impairment of the security covered hereby, or, without the written consent of the Government, cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals except as may be necessary for ordinary domestic purposes.

(10)   To comply with all laws, ordinances, and regulations affecting the property.

(11)   To pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and priority hereof and to the enforcement of or the compliance with the provisions hereof and of the note and any supplementary agreement (whether before or after default), including but not limited to costs of evidence of title to and survey of the property, costs of recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property.

(12) Except as otherwise provided by the Farmers Home Administration regulations, neither the property nor any portion thereof or interest therein shall be leased, assigned, sold, transferred, or encumbered voluntarily or otherwise, without the written consent of the Government. The Government shall have the sole and exclusive rights as mortgagee hereunder, including but not limited to the power to grant consents, partial releases, subordinations, and satisfaction, and no insured holder shall have any right, title or interest in or to the lien or any benefits hereof.

(13) At all reasonable times the Government and its agents may inspect the property to ascertain whether the covenants and agreements contained herein or in any supplementary agreement are being performed.

(14) The Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on, the debt evidenced by the note or any indebtedness to the Government secured by this instrument, (d) release any party who is liable under the note or for the debt from liability to the Government, (e) release portions of the property and subordinate its lien, and (f) waive any other of its rights under this instrument. Any and all this can and will be done without affecting the lien or the priority of this instrument or Borrower's or any other party's liability to the Government for payment of the note or debt secured by this instrument unless the Government says otherwise in writing. HOWEVER, any forbearance by the Government—whether once or often—in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

(15) If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a production credit association, a Federal land bank, or other responsible cooperative or private credit source, at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will upon the Government's request, apply for and accept such loan in sufficient amount to pay the note and any indebtedness secured hereby and to pay for any stock necessary to be purchased in a cooperative lending agency in connection with such loan.

(16) Default hereunder shall constitute default under any other real estate, or under any personal property, or other security instrument held or insured by the Government and executed or assumed by Borrower, and default under any such other security instrument shall constitute default hereunder.

(17) SHOULD DEFAULT occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the parties named as Borrower die or be declared incompetent, or should any one of the parties named as Borrower be discharged in bankruptcy or declared an insolvent or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any indebtedness to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument as provided herein or by law, and (e) enforce any and all other rights and remedies provided herein or by present or future laws.

(18) The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with the provisions hereof, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all indebtedness to the Government secured hereby, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other indebtedness of Borrower owing to or insured by the Government, and (f) any balance to Borrower. At foreclosure or other sale of all or any part of the property, the Government and its agents may bid and purchase as a stranger and may pay the Government's share of the purchase price by crediting such amount on any debts of Borrower owing to or insured by the Government, in the order prescribed above.

(19) Borrower agrees that the Government will not be bound by any present or future laws, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of an action for a deficiency judgment or limiting the amount thereof or the time within which such action must be brought, (c) prescribing any other statute of limitations, or (d) limiting the conditions which the Government may by regulation impose, including the interest rate it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws. Borrower hereby relinquishes, waives, and conveys all rights, inchoate or consummate, of descent.

(20) If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, national origin, handicap, familial status or age, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, national origin, handicap, familial status or age.

(21) Borrower further agrees that the loan(s) secured by this instrument will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity, as further explained in 7 CFR Part 1940, Subpart G, Exhibit M.

(22) Upon default by Borrower as aforesaid, the Government may foreclose this instrument as authorized or permitted by the laws then existing of the jurisdiction where the property is situated and of the United States of America, on terms and conditions satisfactory to the Government, including but not limited to foreclosure by (a) statutory power of sale, or (b) advertisement and sale of the property at public auction to the highest bidder in one or more parcels at the Government's option and at the time and place and in the manner and after such notice and on terms required by statute or determined by the Goverment if not contrary to statute, or (c) written agreement hereafter made between Borrower and the Government.

(23) THIS DOCUMENT MAY NOT SELL, CONVEY, TRANSFER, INCLUDE, OR INSURE THE TITLE TO THE THE COAL AND RIGHT OF SUPPORT UNDERNEATH THE SURFACE LAND DESCRIBED OR REFERRED TO HEREIN: AND THE OWNER OR OWNERS OF SUCH COAL MAY HAVE THE COMPLETE LEGAL RIGHT TO REMOVE ALL SUCH COAL, AND IN THAT CONNECTION DAMAGE MAY RESULT TO THE SURFACE OF THE LAND AND ANY HOUSE, BUILDING, OR OTHER STRUCTURE ON OR IN SUCH LAND. THE INCLUSION OF THIS NOTICE DOES NOT ENLARGE, RESTRICT OR MODIFY ANY LEGAL RIGHTS OR ESTATES OTHERWISE CREATED, TRANSFERRED, EXCEPTED OR RESERVED BY THIS INSTRUMENT.

(a) This instrument shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions hereof.

(25) Notices given hereunder shall be sent by certified mail, unless otherwise required by law, and addressed, unless and until some other is address is designated in a notice so given, in the case of the Government to Farmers Home Administration, One Credit Union Place, Suite 330, Harrisburg, Pennsylvania 17110-2996, and in the case of Borrower to the address shown in the Farmers Home Administration Finance Office records (which normally will be the same as the post office address shown above).

(26) If any provision of this instrument or application thereof to any person or circumstances is held invalid, such invalidity will not affect other provisions or applications of the instrument which can be given effect without the invalid provision or application, and to that end the provisions hereof are declared to be severable.

IN WITNESS WHEREOF, Borrower has hereunto set Borrower's hand(s) and seal(s) this _____ **11th** _____ day

of _____ **October** _____, 19 **90**.

Signed, sealed, and delivered in the
presence of:

_____    *Larry W. Lafferty* _____ (SEAL)
                                     LARRY W. LAFFERTY

_____    *Beth A Lafferty* _____ (SEAL)
                                     BETH A. LAFFERTY

## ACKNOWLEDGMENT

STATE OF PENNSYLVANIA  }
                        } ss:
COUNTY OF _____ **ERIE** _____  }

On this _____ **11th** _____ day of _____ **October** _____, 19 **90** before me, the undersigned, a Notary

Public in and for said State and County, personally appeared _____ ~~LARRY W. LAFFERTY & BETH A. LAFFERTY~~ _____,
                                                                                              his wife

known (or satisfactorily proved) to me to be the person(s) whose name(s) _____ **are** _____ subscribed to the within

instrument, and acknowledged to me that _____ **they** _____ executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

My commission expires _____ 9-12-91

*Kathryn A. Maughn* _____
                                                                        *Notary Public.*

NOTARIAL SEAL
KATHRYN A. MAUGHN, NOTARY PUBLIC
ERIE, ERIE COUNTY, PENNSYLVANIA
MY COMMISSION EXPIRES SEPT. 12, 1991

## R E S I D E N C E   C E R T I F I C A T E

I certify that the precise residence of the within-named Mortgagee is Washington, D.C.

_____
                                                                        *For Mortgagee*

* U.S. Government Printing Office: 1990-706-495

 **USDA**

**United States
Department of
Agriculture**

**Rural Housing Service**
Centralized Servicing Center
P. O. Box 66827
St. Louis, MO 63166

<u>CERTIFIED MAIL</u>
<u>RETURN RECEIPT REQUESTED</u>

```
BETH A LAFFERTY
4230 S WASHINGTON ST
NORTH EAST        PA 16428-6404
```

SUBJECT:  NOTICE OF ACCELERATION OF YOUR RURAL HOUSING SERVICE LOAN(S); DEMAND FOR
PAYMENT OF THAT DEBT; NOTICE OF RIGHT TO CURE YOUR DELINQUENCY; NOTICE OF
INTENT TO FORECLOSE; AND NOTICE OF YOUR OPPORTUNITY TO HAVE A HEARING
CONCERNING THIS ACTION

Dear  BETH A LAFFERTY

**PLEASE TAKE NOTE** that the entire indebtedness due on the promissory note(s) and/or assumption
agreement(s) which evidence the loan(s) received by you from the United States of America, acting
through the United States Department of Agriculture Rural Housing Service (RHS), formerly Farmers
Home Administration, as set forth below, is now declared **immediately due and payable and demand
is hereby made on you to pay this entire indebtedness.** If payment is not made as demanded herein,
the RHS intends to enforce its real estate mortgage(s) given to secure the indebtedness by foreclosure
of its lien(s) on your house.

| <u>Account Number(s)</u> | <u>Date of Promissory Note</u> | <u>Amount</u> |
|---|---|---|
| 0005998378 | 10/11/90 | 66500.00 |

This acceleration of your indebtedness is made in accordance with the authority granted in the
above-described instrument(s). The reason(s) for the acceleration of your indebtedness is (are)
as follows:

   **MONETARY DEFAULT**

The balance of the account is unpaid principal in the amount of $ 58938.46       and unpaid
interest in the amount of $ 1351.55       , as of  07/11/03  plus additional interest accruing at
the rate of  $ 14.5327       per day thereafter, plus additional advances to be made by the United
States for the protection of its security, the interest accruing on any such advances, fees, or late charges,
and the amount of subsidy to be recaptured in accordance with the Subsidy Repayment Agreement.

 USDA is an Equal Opportunity Lender, Provider, and Employer.
Complaints of discrimination should be sent to: USDA, Director,
Office of Civil Rights, Washington, DC 20250-9410

# EXHIBIT "C"

PAGE ___1___ OF __3__ PAGES

*GB000006302* L9051SSC

You have the right to cure your monetary default and stop foreclosure action thereby reinstating your mortgage by bringing your mortgage account up-to-date at any time from now up until one hour before the commencement of bidding at the United States Marshal's sale.

You may cure your monetary default by paying the total of all the following charges:

- **Pay $** 2124.00 , the current delinquency, plus additional payments which come due each month following this notice.

- Pay any additional foreclosure costs which may include costs of title examination, court costs, and cost of advertising the foreclosure sale.

- Pay any delinquent real estate taxes and show proof that your property is insured with homeowners insurance.

You should contact Centralized Servicing Center where your account is being serviced at 1(800)793-8861 or mail your request to PO Box 66827, St.Louis, MO 63166 in order to obtain the exact amount your account(s) is(are) behind.  You may reinstate not more than three times in any one calendar year.

The payment to cure your monetary default must be paid in cash, cashier's check or certified check, made payable to Rural Housing Service and delivered to the Centralized Servicing Center at the above address.  The payment may also be made to the U.S. Marshal who conducts the sale up to one hour before the bidding commences.

You are hereby notified that unless the accounts(s) is(are) paid current  and other violations removed or said indebtedness is paid in full within 30 days from the receipt of this notice, the United States of America will take action to foreclose.  The earliest date on which your property will be sold by the United States Marshal will be approximately 60 days from the date of this letter.  Payment of the indebtedness should be made by cashier's check, or postal money order payable to the Rural Housing Service and mailed to USDA-RHS, P.O. Box 371419, Pittsburgh, PA 15250-7419.

If you submit to the Centralized Servicing Center any payment insufficient to cure the account in full or insufficient to pay the entire indebtedness, should you desire to select such option, such payment **WILL NOT CANCEL** the effect of this notice.  If insufficient payments are received and credited to your account, no waiver or prejudice of any rights which the United States may have will result and the RHS may proceed as though no such payments had been made.

**YOUR RIGHT TO A DISCUSSION WITH RHS -** You have the opportunity to discuss this decision to accelerate your loan(s) with a RHS official or have an administrative appeal hearing before the foreclosure takes place.  This is an opportunity to discuss why you believe the United States is in error in accelerating your loan(s) and proceeding with foreclosure.  If you desire to have an informal discussion with an RHS official or have any questions concerning this decision or the facts used in making this decision, you should contact this office in writing.  The request for an informal discussion must be sent to the undersigned no later than 07/26/03 .  Requests which are postmarked by the U. S. Postal Service on or before that date will be considered as timely received.  You also have the right to an administrative appeal hearing with a hearing officer instead of, or in addition to, an informal discussion with this office.  If you request an informal discussion with an RHS official, and this does not result in a decision in which you concur, you will be given a separate time frame in which to submit your request for an administrative appeal. (See the attachment for your appeal rights.)

**YOUR RIGHT TO AN ADMINISTRATIVE APPEAL HEARING** - If you do not wish to have an informal discussion with an RHS official as outlined above, you may request an administrative appeal with a member of the National Appeals Division Area Supervisor, no later than 30 days after the date on which you received this notice. Requests which are postmarked by the U.S. Postal Service on or before that date will be considered as timely received as requesting an administrative appeal. Please include a copy of this letter with your request.

If you fail to comply with the requirements outlined, the United States plans to proceed with foreclosure. You may avoid foreclosure by (1) refinancing your RHS loan(s) with a private or commercial lender or otherwise paying your indebtedness in full; (2) selling the property for its fair market value and applying the proceeds to your loan(s); (3) transferring the loan(s) and property to an eligible applicant with RHS approval; or (4) conveying the property to the Government with RHS approval. Please contact our Centralized Servicing Center office at 1-800-793-8861, if you desire to satisfy your loan(s) by one of the above methods.

You cannot be discriminated against in a credit transaction because of your race, color, religion, national origin, sex, marital status, handicap, or age (if you have the legal capacity to enter into a contract). You cannot be denied a loan because all or a part of your income is from a public assistance program. If you believe you have been discriminated against for any of these reasons, you should write to the Secretary of Agriculture, Washington, D.C. 20250.

You cannot be discriminated against in a credit transaction because you in good faith exercised your rights under the Consumer Credit Protection Act. The Federal Agency responsible for seeing this law is obeyed is the Federal Trade Commission, Washington, D.C. 20580.

For questions regarding your account, please call Risk Management toll free at 1-800-793-8861 or TDD 1-800-438-1832, 7:00 a.m. to 5:00 p.m., Monday through Friday, Central Time. Please refer to your Account number when you write or call us. Thank you.


UNITED STATES OF AMERICA
BY

H. Neil McIntyre
Branch Chief
CSC - Collection Services Branch
Rural Housing Service
United States Department of Agriculture


Date:    07/11/03
Attachment
CC:    State Office


This letter was mailed certified and regular mail on    07/11/03 .

*G80000063O4* L9O61SSC

 **USDA** **United States Department of Agriculture**

**Rural Housing Service**
Centralized Servicing Center
P. O. Box 66827
St. Louis, MO 63166

<u>CERTIFIED MAIL</u>
<u>RETURN RECEIPT REQUESTED</u>

LARRY W LAFFERTY
4230 S WASHINGTON ST
NORTH EAST          PA 16428-6404

SUBJECT:  NOTICE OF ACCELERATION OF YOUR RURAL HOUSING SERVICE LOAN(S); DEMAND FOR
PAYMENT OF THAT DEBT; NOTICE OF RIGHT TO CURE YOUR DELINQUENCY; NOTICE OF
INTENT TO FORECLOSE; AND NOTICE OF YOUR OPPORTUNITY TO HAVE A HEARING
CONCERNING THIS ACTION

Dear   LARRY W LAFFERTY

**PLEASE TAKE NOTE** that the entire indebtedness due on the promissory note(s) and/or assumption
agreement(s) which evidence the loan(s) received by you from the United States of America, acting
through the United States Department of Agriculture Rural Housing Service (RHS), formerly Farmers
Home Administration, as set forth below, is now declared **immediately due and payable and demand
is hereby made on you to pay this entire indebtedness.** If payment is not made as demanded herein,
the RHS intends to enforce its real estate mortgage(s) given to secure the indebtedness by foreclosure
of its lien(s) on your house.

| Account Number(s) | Date of Promissory Note | Amount |
|---|---|---|
| 0005998378 | 10/11/90 | 66500.00 |

This acceleration of your indebtedness is made in accordance with the authority granted in the
above-described instrument(s). The reason(s) for the acceleration of your indebtedness is (are)
as follows:

   MONETARY DEFAULT

The balance of the account is unpaid principal in the amount of $ 58938.46          and unpaid
interest in the amount of $ 1351.55          , as of  07/11/03  plus additional interest accruing at
the rate of  $  14.5327          per day thereafter, plus additional advances to be made by the United
States for the protection of its security, the interest accruing on any such advances, fees, or late charges,
and the amount of subsidy to be recaptured in accordance with the Subsidy Repayment Agreement.

EXHIBIT "D"

 USDA is an Equal Opportunity Lender, Provider, and Employer.
Complaints of discrimination should be sent to: USDA, Director,
Office of Civil Rights, Washington, DC 20250-9410

PAGE _____ 1 _____ OF _____ 3 _____ PAGES

*GB000006202* L90S1SSC

You have the right to cure your monetary default and stop foreclosure action thereby reinstating your mortgage by bringing your mortgage account up-to-date at any time from now up until one hour before the commencement of bidding at the United States Marshal's sale.

You may cure your monetary default by paying the total of all the following charges:

- Pay $ 2124.00                    , the current delinquency, plus additional payments which come due each month following this notice.

- Pay any additional foreclosure costs which may include costs of title examination, court costs, and cost of advertising the foreclosure sale.

- Pay any delinquent real estate taxes and show proof that your property is insured with homeowners insurance.

You should contact Centralized Servicing Center where your account is being serviced at 1(800)793-8861 or mail your request to PO Box 66827, St.Louis, MO 63166 in order to obtain the exact amount your account(s) is(are) behind.  You may reinstate not more than three times in any one calendar year.

The payment to cure your monetary default must be paid in cash, cashier's check or certified check, made payable to Rural Housing Service and delivered to the Centralized Servicing Center at the above address.  The payment may also be made to the U.S. Marshal who conducts the sale up to one hour before the bidding commences.

You are hereby notified that unless the accounts(s) is(are) paid current  and other violations removed or said indebtedness is paid in full within 30 days from the receipt of this notice, the United States of America will take action to foreclose.  The earliest date on which your property will be sold by the United States Marshal will be approximately 60 days from the date of this letter.  Payment of the indebtedness should be made by cashier's check, or postal money order payable to the Rural Housing Service and mailed to USDA-RHS, P.O. Box 371419, Pittsburgh, PA 15250-7419.

If you submit to the Centralized Servicing Center any payment insufficient to cure the account in full or insufficient to pay the entire indebtedness, should you desire to select such option, such payment **WILL NOT CANCEL** the effect of this notice.  If insufficient payments are received and credited to your account, no waiver or prejudice of any rights which the United States may have will result and the RHS may proceed as though no such payments had been made.

**YOUR RIGHT TO A DISCUSSION WITH RHS** -  You have the opportunity to discuss this decision to accelerate your loan(s) with a RHS official or have an administrative appeal hearing before the foreclosure takes place.  This is an opportunity to discuss why you believe the United States is in error in accelerating your loan(s) and proceeding with foreclosure.  If you desire to have an informal discussion with an RHS official or have any questions concerning this decision or the facts used in making this decision, you should contact this office in writing.  The request for an informal discussion must be sent to the undersigned no later than 07/26/03      .  Requests which are postmarked by the U. S. Postal Service on or before that date will be considered as timely received.  You also have the right to an administrative appeal hearing with a hearing officer instead of, or in addition to, an informal discussion with this office.  If you request an informal discussion with an RHS official, and this does not result in a decision in which you concur, you will be given a separate time frame in which to submit your request for an administrative appeal. (See the attachment for your appeal rights.)



**YOUR RIGHT TO AN ADMINISTRATIVE APPEAL HEARING** - If you do not wish to have an informal discussion with an RHS official as outlined above, you may request an administrative appeal with a member of the National Appeals Division Area Supervisor, no later than 30 days after the date on which you received this notice. Requests which are postmarked by the U.S. Postal Service on or before that date will be considered as timely received as requesting an administrative appeal. Please include a copy of this letter with your request.

If you fail to comply with the requirements outlined, the United States plans to proceed with foreclosure. You may avoid foreclosure by (1) refinancing your RHS loan(s) with a private or commercial lender or otherwise paying your indebtedness in full; (2) selling the property for its fair market value and applying the proceeds to your loan(s); (3) transferring the loan(s) and property to an eligible applicant with RHS approval; or (4) conveying the property to the Government with RHS approval. Please contact our Centralized Servicing Center office at 1-800-793-8861, if you desire to satisfy your loan(s) by one of the above methods.

You cannot be discriminated against in a credit transaction because of your race, color, religion, national origin, sex, marital status, handicap, or age (if you have the legal capacity to enter into a contract). You cannot be denied a loan because all or a part of your income is from a public assistance program. If you believe you have been discriminated against for any of these reasons, you should write to the Secretary of Agriculture, Washington, D.C. 20250.

You cannot be discriminated against in a credit transaction because you in good faith exercised your rights under the Consumer Credit Protection Act. The Federal Agency responsible for seeing this law is obeyed is the Federal Trade Commission, Washington, D.C. 20580.

For questions regarding your account, please call Risk Management toll free at 1-800-793-8861 or TDD 1-800-438-1832, 7:00 a.m. to 5:00 p.m., Monday through Friday, Central Time. Please refer to your Account number when you write or call us. Thank you.

UNITED STATES OF AMERICA
BY

H. Neil McIntyre
Branch Chief
CSC - Collection Services Branch
Rural Housing Service
United States Department of Agriculture

Date:     07/11/03
Attachment
CC:     State Office

This letter was mailed certified and regular mail on     07/11/03 .

*GB000006204* L9051SSC



**United States
Department of
Agriculture**

Rural
Development

602 Evans City Road, Suite 101
Butler, PA 16001
SFH (724) 482-4800  x123
FAX (724) 482-4826

June 2, 2004

Beth A. Lafferty
10 Loomis St. Apt.# 9
North East PA 16428

Certified and Regular Mail

Dear Ms. Lafferty:

By letter dated July 11, 2003, the agency mailed you a Notice of Acceleration of your mortgage loan. Our records indicate that the address that the Notice was mailed to differs from your current address.

Enclosed, please find a copy of the Notice dated July 11, 2003.

Sincerely,

Kristen L. Good
Loan Servicing Specialist

**U.S. Postal Service
CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

Sent To  *Beth Lafferty*
Street, Apt. No.; or PO Box No.
City, State, ZIP+4

PS Form 3800, May 2000                    See Reverse for Instructions

7000 0470 0004 0404 3097

EXHIBIT "E"

PAGE ____1____ OF ____4____ PAGES

USDA is an Equal Opportunity Lender.
Complaints of discrimination should be sent to:
Secretary of Agriculture, Washington, D.C. 20250

 **USDA**

**United States
Department of
Agriculture**

**Rural Housing Service**
Centralized Servicing Center
P. O. Box 66827
St. Louis, MO 63166

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

BETH A LAFFERTY
4230 S WASHINGTON ST
NORTH EAST          PA 16428-6404

SUBJECT: NOTICE OF ACCELERATION OF YOUR RURAL HOUSING SERVICE LOAN(S); DEMAND FOR
PAYMENT OF THAT DEBT; NOTICE OF RIGHT TO CURE YOUR DELINQUENCY; NOTICE OF
INTENT TO FORECLOSE; AND NOTICE OF YOUR OPPORTUNITY TO HAVE A HEARING
CONCERNING THIS ACTION

Dear   BETH A LAFFERTY

**PLEASE TAKE NOTE** that the entire indebtedness due on the promissory note(s) and/or assumption
agreement(s) which evidence the loan(s) received by you from the United States of America, acting
through the United States Department of Agriculture Rural Housing Service (RHS), formerly Farmers
Home Administration, as set forth below, is now declared immediately due and payable and demand
is hereby made on you to pay this entire indebtedness.  If payment is not made as demanded herein,
the RHS intends to enforce its real estate mortgage(s) given to secure the indebtedness by foreclosure
of its lien(s) on your house.

| Account Number(s) | Date of Promissory Note | Amount |
|---|---|---|
| 0005998378 | 10/11/90 | 66500.00 |

This acceleration of your indebtedness is made in accordance with the authority granted in the
above-described instrument(s).  The reason(s) for the acceleration of your indebtedness is (are)
as follows:

**MONETARY DEFAULT**

The balance of the account is unpaid principal in the amount of $  58938.46          and unpaid
interest in the amount of $ 1351.55          , as of   07/11/03    plus additional interest accruing at
the rate of  $  14.5327          per day thereafter, plus additional advances to be made by the United
States for the protection of its security, the interest accruing on any such advances, fees, or late charges,
and the amount of subsidy to be recaptured in accordance with the Subsidy Repayment Agreement.

 USDA is an Equal Opportunity Lender, Provider, and Employer.
Complaints of discrimination should be sent to: USDA, Director,
Office of Civil Rights, Washington, DC 20250-9410

*GB0000063302* L9051SSC

You have the right to cure your monetary default and stop foreclosure action thereby reinstating your mortgage by bringing your mortgage account up-to-date at any time from now up until one hour before the commencement of bidding at the United States Marshal's sale.

You may cure your monetary default by paying the total of all the following charges:



- **Pay $** 2124.00 , the current delinquency, plus additional payments which come due each month following this notice.

- Pay any additional foreclosure costs which may include costs of title examination, court costs, and cost of advertising the foreclosure sale.

- Pay any delinquent real estate taxes and show proof that your property is insured with homeowners insurance.

You should contact Centralized Servicing Center where your account is being serviced at 1(800)793-8861 or mail your request to PO Box 66827, St.Louis, MO 63166 in order to obtain the exact amount your account(s) is(are) behind. You may reinstate not more than three times in any one calendar year.

The payment to cure your monetary default must be paid in cash, cashier's check or certified check, made payable to Rural Housing Service and delivered to the Centralized Servicing Center at the above address. The payment may also be made to the U.S. Marshal who conducts the sale up to one hour before the bidding commences.

You are hereby notified that unless the accounts(s) is(are) paid current and other violations removed or said indebtedness is paid in full within 30 days from the receipt of this notice, the United States of America will take action to foreclose. The earliest date on which your property will be sold by the United States Marshal will be approximately 60 days from the date of this letter. Payment of the indebtedness should be made by cashier's check, or postal money order payable to the Rural Housing Service and mailed to USDA-RHS, P.O. Box 371419, Pittsburgh, PA 15250-7419.

If you submit to the Centralized Servicing Center any payment insufficient to cure the account in full or insufficient to pay the entire indebtedness, should you desire to select such option, such payment **WILL NOT CANCEL** the effect of this notice. If insufficient payments are received and credited to your account, no waiver or prejudice of any rights which the United States may have will result and the RHS may proceed as though no such payments had been made.

**YOUR RIGHT TO A DISCUSSION WITH RHS** - You have the opportunity to discuss this decision to accelerate your loan(s) with a RHS official or have an administrative appeal hearing before the foreclosure takes place. This is an opportunity to discuss why you believe the United States is in error in accelerating your loan(s) and proceeding with foreclosure. If you desire to have an informal discussion with an RHS official or have any questions concerning this decision or the facts used in making this decision, you should contact this office in writing. The request for an informal discussion must be sent to the undersigned no later than 07/26/03 . Requests which are postmarked by the U. S. Postal Service on or before that date will be considered as timely received. You also have the right to an administrative appeal hearing with a hearing officer instead of, or in addition to, an informal discussion with this office. If you request an informal discussion with an RHS official, and this does not result in a decision in which you concur, you will be given a separate time frame in which to submit your request for an administrative appeal. (See the attachment for your appeal rights.)

**YOUR RIGHT TO AN ADMINISTRATIVE APPEAL HEARING** - If you do not wish to have an informal discussion with an RHS official as outlined above, you may request an administrative appeal with a member of the National Appeals Division Area Supervisor, no later than 30 days after the date on which you received this notice. Requests which are postmarked by the U.S. Postal Service on or before that date will be considered as timely received as requesting an administrative appeal. Please include a copy of this letter with your request.

If you fail to comply with the requirements outlined, the United States plans to proceed with foreclosure. You may avoid foreclosure by (1) refinancing your RHS loan(s) with a private or commercial lender or otherwise paying your indebtedness in full; (2) selling the property for its fair market value and applying the proceeds to your loan(s); (3) transferring the loan(s) and property to an eligible applicant with RHS approval; or (4) conveying the property to the Government with RHS approval. Please contact our Centralized Servicing Center office at 1-800-793-8861, if you desire to satisfy your loan(s) by one of the above methods.

You cannot be discriminated against in a credit transaction because of your race, color, religion, national origin, sex, marital status, handicap, or age (if you have the legal capacity to enter into a contract). You cannot be denied a loan because all or a part of your income is from a public assistance program. If you believe you have been discriminated against for any of these reasons, you should write to the Secretary of Agriculture, Washington, D.C. 20250.

You cannot be discriminated against in a credit transaction because you in good faith exercised your rights under the Consumer Credit Protection Act. The Federal Agency responsible for seeing this law is obeyed is the Federal Trade Commission, Washington, D.C. 20580.

For questions regarding your account, please call Risk Management toll free at 1-800-793-8861 or TDD 1-800-438-1832, 7:00 a.m. to 5:00 p.m., Monday through Friday, Central Time. Please refer to your Account number when you write or call us. Thank you.

UNITED STATES OF AMERICA
BY

H. Neil McIntyre
Branch Chief
CSC - Collection Services Branch
Rural Housing Service
United States Department of Agriculture

Date:    07/11/03
Attachment
CC:    State Office

This letter was mailed certified and regular mail on    07/11/03 .

*GB0000006304* L9051SSC

United States
Department of
Agriculture

Rural Development

USDA, RURAL DEVELOPMENT
625 EVANS CITY RD., SUITE 101
BUTLER, PA 16001-8704

Official Business
Penalty for Private Use, $300

**USDA**

1 6 0 0 1 6 4 2 5 4 1 8 5 1

LAFF010  1642850 12 1503  06 06/07/04
FORWARD TIME EXP RTN TO SEND
LAFFERTY BETH
3241 SHELLIE AVE
ERIE PA 16510-1934

RETURN TO SENDER

■ **SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
or on the front if space permits.

1. Article Addressed to:

Beth A Lafferty
Economist Apt. #9
North East PA 16428
3241 Shellie Ave.
Erie Pa 16510

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)    B. Date of Delivery
Earl E. Clark                            6-8-04

C. Signature
X Earl E. Clark    □ Agent
                   □ Addressee

D. Is delivery address different from item 1?  □ Yes
If YES, enter delivery address below:          □ No

3. Service Type
   ☑ Certified Mail      □ Express Mail
   □ Registered          □ Return Receipt for Merchandise
   □ Insured Mail        □ C.O.D.

4. Restricted Delivery? (Extra Fee)    □ Yes

2. Article Number (Copy from service label)
7000 1670 0004 4093 3097

PS Form 3811, July 1999          Domestic Return Receipt          102595-01-M-1450

JUN 9 2004

**EXHIBIT**

PAGE ___1___ OF ___1___ PAGES